Exhibit 1

FILED

JUN 16 2023

LESA ROYSEY-DANIELS, Court Clerk
CHEROKEE COUNTY
By_____Deputy

**IN THE DISTRICT COURT OF CHEROKEE COUNTY**
**STATE OF OKLAHOMA**

D & N Farms, LLC and D & R Minerals, )
LLC, for themselves and all others similarly )
situated, )
                      )       Case No. CJ-2023-*139*
             Plaintiffs, )
v. )
                      )
Crawley Petroleum Corporation, )
                      )
            Defendant.

## PLAINTIFFS' ORIGINAL CLASS-ACTION PETITION

Plaintiffs D & N Farms, LLC and D & R Minerals, LLC, on behalf of themselves and all others similarly situated (the "Class"), file this Petition against Defendant Crawley Petroleum Corporation ("Defendant") and state:

## CASE SUMMARY

1.  This class action arises out of Defendant's actual, knowing, intentional, and willful underpayment and non-payment of royalties on hydrocarbons produced from Oklahoma wells. Plaintiffs and the Class bring claims based on Defendant's scheme to conceal said underpayments and non-payments, as more fully described below.

## PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff D & N Farms, LLC is an Oklahoma Limited Liability Company organized under the laws of the State of Oklahoma with its principal place of business in Cookson, Cherokee County, State of Oklahoma.

3.  Plaintiff D & R Minerals, LLC is an Oklahoma Limited Liability Company organized under the laws of the State of Oklahoma with its principal place of business in Fairview, Major County, State of Oklahoma.

4.      Defendant is an Oklahoma corporation organized under Oklahoma law with its principal place of business at 105 N. Hudson, Ste 800, Oklahoma City, Oklahoma 73102.

5.      Defendant may be served through its registered agent, CT Corporation System, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

6.      Plaintiffs own mineral interests under wells operated by Defendant in the State of Oklahoma.

7.      Plaintiff D & N Farms, LLC owns oil, gas, and other minerals in Section 4-19N-12W, Blaine County, State of Oklahoma, under the Hoskins 1-4MH Well, and is subject to the oil and gas lease attached hereto as Exhibit A.

8.      Plaintiff D & R Minerals, LLC owns oil, gas, and other minerals in Section 4-19N-12W, Blaine County, State of Oklahoma, under the Hoskins 1-4MH Well, and is subject to the oil and gas lease attached hereto as Exhibit B.

9.      This Court has personal jurisdiction over the parties.

10.     Venue is proper in Cherokee County, State of Oklahoma pursuant to 12 Okla. Stat.§ 134 as some of the events and omissions giving rise to the claims alleged herein occurred in Cherokee County, State of Oklahoma.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

12.     Plaintiffs and the Class own mineral interests under wells operated by Defendant, which produce oil, natural gas, liquids, and drip condensate. These mineral interests are subject to one or more oil and gas leases, division orders, and/or force-pooling

orders held by Defendant, under which Defendant owes common express and implied duties to Plaintiffs and the Class.

13.     As operator and as a working interest owner marketing its own share of hydrocarbons, Defendant is required to calculate, report, and pay royalties to Plaintiffs and the Class in accordance with the terms and conditions of the applicable leases, orders, and state law.

14.     Defendant wrongfully failed to timely pay royalties to Plaintiffs and the Class on the full volume and full value of the hydrocarbons produced from the wells operated by Defendant and in which Defendant has a working interest.

15.     Defendant wrongfully charged Plaintiffs and the Class for costs and expenses incurred prior to transforming the raw gas stream into a marketable product.

16.     The raw gas stream produced from the Class wells is saturated with water vapor. The raw gas stream produced from the Class wells also contains a hydrocarbon dewpoint in excess of 40 degrees Fahrenheit calculated at 600 psig. Because of these quality characteristics, the raw gas stream produced from the Class wells must undergo gathering, dehydration, processing, and compression in order to transform the raw gas stream into a marketable product. Defendant wrongfully charged these costs to the Class.

17.     Defendant intentionally and fraudulently concealed such costs by reporting false and misleading information on the check stubs and 1099s sent to Plaintiffs and the Class.

18.     The monthly check stubs and 1099s are the primary means of communication between Plaintiffs and the Class and Defendant. Plaintiffs exercised due diligence in reviewing their monthly checks and 1099s; however, Plaintiffs were unable to

- 3 -

discover Defendant's scheme based on a diligent review of the check stubs. The check stubs produced and disseminated by Defendant falsely underreported the price at which hydrocarbons were sold and falsely misreported the volumes produced as well as the costs charged to Plaintiffs' royalties. Attached hereto as Exhibit C is a copy of check stubs sent to Plaintiffs.

19.     As a result of Defendant's fraudulent concealment of its wrongdoing, Plaintiffs were precluded from discovering Defendant's wrongful conduct, all to Plaintiffs' detriment.

20.     Defendant wrongfully failed to pay royalties to Plaintiffs and the Class on natural gas used off the lease and intentionally concealed this failure to pay royalties from Plaintiffs and the Class. Defendant falsely reported that no volumes of natural gas were used off the lease on check stubs that Defendant sent to Plaintiffs and the Class. Defendant further falsely reported the true volume of production from the wells on the check stubs that Defendant sent to Plaintiffs and the Class.

21.     Defendant has actively, knowingly, intentionally, and fraudulently concealed its conduct and actions from Plaintiffs and the Class.

22.     Defendant failed to pay proceeds owing to Plaintiffs and the Class and did so with the actual, knowing and willful intent: (a) to deceive the person to whom the proceeds were due, or (b) to deprive proceeds from the person that Defendant knew, or was aware, was legally entitled thereto.

## CLASS ACTION ALLEGATIONS

23.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

24.     Plaintiffs bring this action individually and as the representatives of a class of individuals pursuant to 12 Okla. Stat. § 2023(b)(2) and (b)(3) for all similarly situated mineral interest owners in the State of Oklahoma. The Class is comprised of:

> All non-excluded persons or entities with royalty interests in Oklahoma wells that had natural gas production containing more than seven (7) pounds of water vapor per million (1,000,000) standard cubic feet and containing a hydrocarbon dewpoint in excess of forty (40) degrees Fahrenheit calculated at 600 psig, and where Defendant (including its affiliated predecessors and affiliated successors) is or was the operator, or in which Defendant (including its affiliated predecessors and affiliated successors) markets or marketed its share of the production. The Class claims relate to or arise from royalty payments for residue gas, natural gas liquids, and drip condensate.

> **SUBCLASS 1:** All persons entitled to share in royalty proceeds payable under any lease that contains an express provision stating that royalty will be paid on gas used off the lease premises ("Fuel Use Clause").

> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) Defendants, their affiliates, predecessors, and employees, officers, and directors; (3) any publicly traded company or their affiliated entity that purchases, produces, gathers, processes, or markets oil or gas; (4) overriding royalty owners and others whose interest was carved out from the lessee's interest; (5) persons or entities that Plaintiffs' counsel is or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

25.     Plaintiffs believe that the members of the Class are so numerous that joinder of all members is impracticable.

26.     The questions of fact or law common to Plaintiffs and the Class include, but are not limited to, those common questions related to their asserted causes of action including: (a) breach of contract; (b) breach of statutory duty, including the Production Revenue Standards Act, 52 Okla. Stat. § 570.1 *et seq.*; (c) deceit and actual and constructive fraud; and (d) injunctive relief. More particularly, such common questions include whether: (1) raw gas containing more than seven (7) pounds of water vapor per million (1,000,000) standard cubic feet must undergo dehydration; (2) raw gas containing a hydrocarbon

dewpoint in excess of 40 degrees Fahrenheit at 600 psig must undergo processing; (3) Defendant sold natural gas liquids; (4) the wells required gathering, dehydration, processing, and compression in order to transform the raw gas stream into a marketable product; (5) natural gas produced from the wells was used off the lease; (6) Defendant failed to pay royalties on natural gas used off the lease; (7) the failure to report post-production charges on the check stubs violated the Production Revenue Standards Act, (8) Defendant has properly calculated and paid interest on late payments; and (9) Defendant has breached the Energy Litigation Reform Act.

27.    Plaintiffs' claims are typical of the claims asserted on behalf of the members of the Class because all members are similarly affected by Defendant's ubiquitous wrongful conduct and their claims are based on such conduct. Further, Defendant's anticipated defenses to Plaintiffs' claims are typical of the anticipated defenses which would likely be asserted against all members of the Class.

28.    Plaintiffs will fairly and adequately protect the interest of the members of the Class. As fellow royalty owners, Plaintiffs understand their duties as Class representatives. Plaintiffs have retained counsel competent and experienced in Oklahoma oil and gas law, including oil and gas class actions.

29.    Class certification is appropriate because the averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

30.    Plaintiffs and Plaintiffs' counsel have no interests that conflict in any way with those of the members of the Class.

31.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class-action treatment will allow a large number of similarly situated individuals to prosecute their common claims simultaneously in a single forum in the most efficient manner possible and will prevent the risk of inconsistent or varying adjudications with respect to individual members of the Class. Further, it is in the best interest of all parties and the judicial system to resolve these claims in one forum and without the need of repetitive, redundant individual actions. Finally, the difficulties in managing a class action will be slight in relation to the potential benefits to be achieved on behalf of every member of the Class.

32.    To Plaintiffs' knowledge, there is no other pending class litigation against Defendant.

## COUNT I - BREACH OF CONTRACT

33.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

34.    Pursuant to the express and implied terms of the oil and gas leases, division orders, and respective force-pooling orders between the Class and Defendant, Defendant is prohibited from deducting from royalties the costs and expenses necessary to transform the raw natural gas produced from the wells into a marketable product.

35.    The wells at issue produce raw natural gas that requires gathering, compression, processing, and dehydration in order to transform the raw gas stream into a marketable product. Defendant wrongfully charged costs for gathering, compression, processing, and dehydration to Plaintiffs and the Class.

36. Defendant wrongfully charged costs to Plaintiffs and the Class for services necessary to transform the raw gas stream into a marketable product.

37. Pursuant to the express terms of the Fuel Use Clause, Defendant is required to pay royalties to Plaintiffs and the Class on all volumes of natural gas used off the lease.

38. Defendant wrongfully failed to pay royalties to Plaintiffs and the Class on natural gas used off the lease.

39. Defendant has a duty to pay royalties on the best price reasonably available.

40. Defendant has breached its duty to pay royalties to Plaintiffs and the Class on the best price reasonably available.

41. Defendant wrongfully charged costs to Plaintiffs and the Class on costs associated with separating and transforming raw natural gas into natural gas liquids and residue gas.

42. As a result of Defendant's breach, Plaintiffs and the Class have been damaged.

## COUNT II - BREACH OF STATUTORY DUTY

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

44. In addition to the duties set out by private agreement under the leases and force pooling orders, Defendant owes certain statutory duties to Plaintiffs and the Class pursuant to the Production Revenue Standards Act, 52 Okla. Stat. §§ 570.1 through 570.15.

45. Defendant has a duty to disclose to Plaintiffs and the Class the true value and volume of all of the hydrocarbon production from the wells and to accurately inform

- 8 -

Plaintiffs and the Class of the facts on which royalties owed to Plaintiffs and the Class are calculated.

46.    Defendant has breached its duties to disclose the true value and volume of all of the hydrocarbon production from the wells and to accurately inform Plaintiffs and the Class of the facts on which the royalties paid to Plaintiffs and the Class were calculated by failing to provide accurate information on the check stubs and 1099s Defendant sent to Plaintiffs and the Class.

47.    Defendant has a duty to timely and accurately pay royalties to Plaintiffs and the Class on all of the hydrocarbons produced from the wells, including but not limited to oil, residue gas, natural gas liquids, and line liquids, including natural gas used off lease premises as field fuel, plant fuel, or otherwise used in the manufacturing of products.

48.    Defendant has breached its duties owed to Plaintiffs and the Class and wrongfully failed to accurately and timely pay royalties on all of the hydrocarbon production from the wells, including but not limited to failing to pay royalties on oil, residue gas, natural gas liquids, and line liquids, and gas used off the lease.

## COUNTS III & IV—ACTUAL AND CONSTRUCTIVE FRAUD AND DECEIT

49.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

50.    Defendant intentionally, knowingly, and willfully engaged in fraudulent conduct to defraud Plaintiffs and the Class out of royalties.

51.    Defendant fraudulently concealed its nonpayment and underpayment of royalties from Plaintiffs and the Cass by its uniform misrepresentations on its check stubs, including but not limited to failing to report the full volume of gas produced from the class

wells, failing to disclose volumes of gas consumed off lease, falsely underreporting the price at which the hydrocarbons were sold, and falsely misreporting the costs charged to Plaintiffs' royalties.

52. Defendant made uniform misrepresentations and omissions on the monthly check stubs and 1099s sent to Plaintiffs and the Class by reporting the wrong price and the wrong volume of hydrocarbon production while also omitting certain deductions and use of fuel.

53. Defendant falsely represented to Plaintiffs and the Class the true sales price and terms upon which the production from the wells was sold on the check stubs and 1099s that Defendant generated and disseminated to Plaintiffs and the Class.

54. Defendant intentionally and fraudulently concealed from Plaintiffs and the Class the production used off the lease as field fuel and plant fuel by falsely representing the full volume of the production on the check stubs and 1099s that were sent to Plaintiffs and the Class.

55. Defendant knew that these representations were false.

56. Defendant made these false representations with actual, knowing, intentional, and willful intent.

57. Defendant reported false information to Plaintiffs and the Class in order to mislead Plaintiffs and the Class into believing that royalties were being properly paid.

58. Defendant made these false representations to Plaintiffs and the Class with the intent that Plaintiffs and the Class would rely on the false representations to their detriment.

59.     Defendant made the misrepresentations and omissions with the intent to deceive Plaintiffs and the Class into believing that the price reported on the check stubs was a third party, fair market price without concealed deductions or reductions.

60.     Defendant fraudulently and deceitfully misled Plaintiffs and the Class into believing they had been properly paid on the full volume and full value of the production from their wells.

61.     Defendant has a legal duty pursuant to Okla. Stat. tit. 52, §570.1, *et seq.,* to accurately inform Plaintiffs and the Class of the facts on which the royalties are based.

62.     Defendant concealed from Plaintiffs and the Class the true sales price of the hydrocarbons produced from the wells, the true volume, and the full value of all of the hydrocarbons from the wells by reporting false and/or misleading information on the check stubs and 1099s sent to Plaintiffs and the Class.

63.     Plaintiffs and the Class justifiably relied on Defendant's false representations to their detriment, including but not limited to loss of royalties, negative tax treatment, and reliance on the accuracy of the information reported on the check stubs and 1099s. Plaintiffs and the Class relied on the information reported on the check stubs and 1099s to deposit the checks, to report taxes, and to not take action into inquiring into the propriety of Defendant's conduct. As a result of this reliance, Plaintiffs and the Class have suffered damages.

### INJUNCTIVE RELIEF

64.     Plaintiffs further bring this action individually and as the representatives of a class of individuals pursuant to 12 Okla. Stat. §2023(b)(2) for all similarly situated mineral interest owners in the State of Oklahoma as defined above.

65.  An action may be maintained as a class action if the prerequisites of 12 Okla. Stat. § 2023(a) are satisfied as pled herein and the party opposing the Class has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

66.  In Oklahoma, the implied duty to market imposes on the lessee the duty to transform raw gas into a marketable product without cost to the royalty owner. *Wood v. TXO Production Corp.*, 1992 OK 100, 854 P.2d 880, 883 ("[I]n Oklahoma the lessee's duty to market involves obtaining a marketable product."); *Strack v Continental Resources, Inc.*, 405 P.3d 131, 140 (Okla. Civ. App. 2017) ("Under Oklahoma law, lessees have an implied duty of marketability, *i.e.*, the lessee must bear the full cost of any services required to put gas in a marketable condition, except where a lease expressly allows deductions for the costs.")

67.  Once a "marketable product" has been obtained, the lessee may deduct post-production costs from the royalty *only if* the lessee can prove "(1) that the costs enhanced the value of an already marketable product, (2) that such costs are reasonable, and (3) that actual royalty revenues increased in proportion with the costs assessed against the nonworking interest." *Mittlestaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, ¶ 2, 954 P.2d 1203, 1204.

68.  This "enhancement analysis" requires a well-by-well determination on a month-by-month basis. *Foster v. Merit Energy Co.,* 282 F.R.D. 541, 560 (W.D. Okla. 2012); *McKnight v. Linn Operating Inc.,* No. CIV-1—30-R, 2016 Wl 756541, at *8, (W.D. Okla. Feb. 25, 2016.); *Foster v. Apache Corp.,* 285 F.R.D. 632,636 (W.D. Okla. 2012) (quoting *Mittlestaedt*).

69. In the present case, Defendant charges all costs to Plaintiffs and the Class, for all wells and for all months, without first conducting a well-by-well and month-by-month "enhancement analysis."

70. Plaintiffs and the Class seek a declaration under Oklahoma law that Defendant failed and continues to fail to determine whether costs deducted from royalty payments associated with a marketable product satisfy the "enhancement analysis."

71. Defendant's failure to perform a well-by-well, month-by-month "enhancement analysis" for each category of cost before charging said cost to Plaintiffs and the Class represents a systemic practice by Defendant common to all §2023(b)(2) Class members and can be rectified by a single injunctive remedy.

72. As such, Plaintiffs seek an injunction prohibiting Defendant from charging costs, associated with the sale of a marketable product, to Plaintiffs and the Class without first performing the enhancement analysis as required pursuant to Oklahoma law, including a determination as to each cost to be deducted, on a well-by-well and month-by-month basis, whether such cost (1) enhanced the value of an already marketable product, (2) is reasonable, and (3) that actual royalty revenues increased in proportion with the costs assessed against Plaintiffs and the Class.

73. The proposed Class satisfies 12 Okla. Stat. §2023(b)(2), which requires that Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

74. Defendant's failure to perform a well-by-well, month-by-month enhancement analysis for each category of post-production cost before charging such costs

to Plaintiffs and the Class represents conduct that can be enjoined or declared unlawful as to all of the Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court for judgment against Defendants as follows:

(i)     an Order certifying this action pursuant to 12 Okla. Stat. § 2023(b)(2) and (b)(3);

(ii)    an Order prohibiting Defendant from charging costs to Plaintiffs and the Class without first performing the enhancement analysis as required pursuant to Oklahoma law and more specifically described above;

(iii)   actual damages in excess of $5,000,000.00;

(iv)    pre-judgment interest as provided by law and post-judgment interest as provided by law;

(v)     exemplary and punitive damages;

(vi)    attorney's fees as well as expert, litigation, and court costs; and

(vii)   any and other further relief this Court deems just and equitable.

**ATTORNEY'S LIEN CLAIMED**

Respectfully Submitted,

Chaille G. Walraven, OBA#31256
Mark E. Walraven, OBA #31257
GRAFT & WALRAVEN, PLLC
P. O. Box 1477
Clinton, Oklahoma 73601
Ph: (580) 323-1516
chaille@gwlawok.com
**Attorneys for Plaintiffs**

*and*

Bryan O. Blevins, Jr., *pro hac vice*

- 14 -

Provost Umphrey Law Firm
490 Park Street
Beaumont, TX 77701
P: (409) 835-6000
bblevins@pulf.com
*pending admission pro hac vice