# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D & N FARMS, L.L.C., <br> D & R MINERALS, L.L.C., JAMES HAROLD MILLER and ZEIDA FRANCES MILLER, and HZM LAND AND MINERALS, L.L.C., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRAWLEY PETROLEUM CORPORATION, <br><br> Defendant. | Case No. 23-cv-234-RAW-DES |

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' First Motion to Compel Discovery and Brief in Support. (Docket No. 34). On July 19, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 15). The undersigned Magistrate Judge held an evidentiary hearing on Plaintiffs' First Motion to Compel Discovery and Brief in Support on May 10, 2024. (Docket No. 45). For the reasons set forth below, Plaintiffs' First Motion to Compel is GRANTED.

I.   Background

This case involves the alleged underpayment and non-payment of royalties on hydrocarbons produced from Oklahoma wells by Defendant Crawley Petroleum Company ("Defendant" or "Crawley"). Plaintiffs own mineral interests under wells operated by Crawley and purport to bring this action on behalf of themselves and others similarly situated. Specifically, Plaintiffs allege that Defendant wrongfully charged Plaintiffs and the Proposed Class for costs and expenses incurred prior to transforming the raw gas into a marketable product. (Docket No. 31 at

1

4). Plaintiffs further allege that Defendant intentionally and fraudulently concealed such costs by reporting false and misleading information on the check stubs and 1099s sent to Plaintiffs and the Proposed Class. (*Id.*). Plaintiffs thus bring the following causes of action: breach of contract, breach of statutory duty, actual and constructive fraud and deceit, and injunctive relief. (*Id.* at 7-13).

Plaintiffs initially served Defendant with discovery requests in the form of Requests for Admission, Interrogatories, and Requests for Production of Documents on October 4, 2023 (the "discovery requests"). (Docket No. 34-3). After an agreed to deadline extension, Defendant responded to the discovery requests on January 3, 2024. (Docket No. 34-4). Defendant did not, however, produce any documents or indicate when production would be complete. (Docket No. 34 at 4). Instead, Defendant stated the documents would be "produced on a rolling basis." (Docket No. 34-4 at 3). Defendant also objected to producing any discovery beyond five years preceding the filing of Plaintiffs' lawsuit, asserting Plaintiffs' and the Proposed Class Members' claims were subject to a five-year statute of limitations. (*Id.* at 4).

In a letter dated January 31, 2024, Plaintiff requested a good faith meet and confer regarding Defendant's objections and the lack of a specific date for document production. (Docket No. 34-5). Counsel met and conferred on February 9, 2024. (Docket No. 34 at 5). Defendant requested an extension of the production deadline to the end of June 2024 and reiterated that it would not produce documents outside of its imposed five-year period. (*Id.*). Plaintiffs filed the present Motion to Compel on February 29, 2024. In their Motion to Compel, Plaintiffs maintain that Defendant is not entitled to refuse production of discovery based on a unilateral assertion of the statute of limitations and that Defendant's proposed June 30, 2024, deadline to complete production is unreasonable.

II.     Standard of Review

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Information need not be admissible at trial in order to be discoverable. Fed. R. Civ. P 26(b)(1). When evaluating proportionality, courts consider the following factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Nothing in Rule 26(b)(1) requires the court to address all five proportionality factors. *See GSL Grp., Inc. v. Travelers Indem. Co.,* No. 18-CV-00746-MSK-SKC, 2020 WL 4282291, at *11 n.5 (D. Colo. July 24, 2020). When a district court intervenes in discovery, "it has discretion in determining what the scope of discovery should be." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1189 (10th Cir. 2009). District courts managing discovery matters are subject to review only for abuse of discretion. *See Caves v. Beechcraft Corp.,* No. 15-CV-125-CVE-PJC, 2016 WL 355491, at *1 (N.D. Okla. Jan. 29, 2016).

III.    Analysis

A. Relevance

At the evidentiary hearing, Defendant agreed that the requested discovery is relevant to the merits of this case but argued there and in the briefing that the requested discovery is not relevant to the issue of class certification. (Docket No. 36 at 9-12). However, discovery is not bifurcated in

this case, Defendant has not moved for modification of the scheduling order or for bifurcation, and the Court will not now consider bifurcation under the guise of sustaining Defendant's discovery objections. *See, e.g., Infinity Home Collection v. Coleman,* No. 17-MC-MSK-MEH, 2018 WL 1733262, at *3 (D. Colo. Apr. 10, 2018) (allowing discovery of certain information unrelated to class certification, in part, because "the court has not entirely prohibited merits discovery"); *Roberts v. C.R. England, Inc.* No. 12-cv-0302, 2013 WL 3893987, at *3 (D. Utah July 26, 2013) (refusing to limit pre-certification discovery, in part, because discovery was not bifurcated). Furthermore, the Court is not convinced the requested discovery is irrelevant to class certification. As Plaintiff pointed out at the hearing (and Defendant agreed), a change was made to the information appearing on the check stubs Defendant issued to royalty owners in approximately 2012. The parties clearly disagree about the reason for this change, but Plaintiffs are entitled to independently investigate the reason for such change rather than take Defendant at its word. Moreover, Defendant largely focused on the merits of Plaintiffs claims at the evidentiary hearing. Such focus is further evidence that the issues of class certification and the merits overlap in this case. Accordingly, Defendant's objections based on the requested discovery's lack of relevance to class-certification issues are overruled.

    B.  Proportionality

Defendant argues the requested document production "would be an extraordinary, Herculean effort and impose substantial additional costs on Crawley." (Docket No. 36 at 22). However, the Court finds the discovery sought is proportional to the needs of this case. As Plaintiff explained at the hearing, resolution of the issues in this case could impact thousands of Oklahoma royalty owners; the amount in controversy is significant and estimated to range from $40 million to $50 million; the information being sought is exclusively in the possession of Crawley; and

Crawley is a substantial oil and gas company that operates over 450 wells in the State of Oklahoma. Thus, the first five proportionality factors under Fed. R. Civ. P 26(b)(1) strongly weigh in Plaintiffs' favor. As to the final factor of whether the burden or expense of the proposed discovery outweighs its likely benefit, the Court notes the requested documents are ones that are routinely produced in oil and gas litigation and that Defendant has already assembled and digitized at least some of the requested documents in connection with previous litigation. Thus, taking all the factors into consideration and recognizing that "the burden of responding to discovery [properly] lies heavier on the party who has more information," Fed. R. Civ. P. 26 advisory committee's notes (2015), the Court overrules Crawley's objections based on the requested discovery's disproportionality. Nonetheless, to ensure proportionality, the Court will limit the temporal scope of all documents requested to January 1, 2006 through the present date, as this period reflects the time that the Millers have received royalty payments from Crawley.[1]

IT IS THEREFORE ORDERED that Plaintiffs' First Motion to Compel (Docket No. 34) is GRANTED as more fully set forth herein. Defendant shall comply with the production required by this Order no later than June 30, 2024.[2]

---

[1] In Requests for Production Nos. 2, 3, 4, 7, 9, 14, 17, and 18, Plaintiff requests the production of various documents for the "Time Period." (Docket No. 34-3 at 14-17). According to the definition section of the discovery request, "Time Period" is defined as "May 14, 1977 through present date." (*Id.* at 7). Plaintiffs, in their motion, agree to a reduced time period beginning January 1, 2006. (Docket No. 34 at 3).

[2] The Court recognizes that Defendant proposed this deadline when it contemplated producing documents for a five-year period. In the event this deadline becomes unattainable for the period of production ordered herein, the Court will certainly entertain a motion to extend the production deadline.

IT IS SO ORDERED this 29th day of May, 2024.

_____
D. Edward Snow
United States Magistrate Judge